(No. 1096—Claimant awarded $4,350.00.)

ETTA KLEIN, ET AL., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 29, 1927.*

GOVERNMENTAL FUNCTION—*when State not liable.* The State in conduct-
ing its State penitentiary exercises a governmental function and is not liable
for injuries sustained by its employees while in the discharge of their duty.

SOCIAL JUSTICE AND EQUITY—*award may be made.* Although no legal li-
ability exists against the State, yet where its employee is injured while in
the discharge of his duty, an award may be made to him, as a matter of
social justice and equity.

MARTIN & MARTIN, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON,
Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This is a case arising out of the killing of Peter N. Klein,
deputy warden of Joliet penitentiary, by inmates thereof, on
May 5, 1926. The declaration filed by claimants on November
17, 1926, seeks a recovery against the State by the widow and
two minor children of Peter N. Klein, deceased, who came to
his death on May 5, 1926, in the Solitary building at the new
penitentiary as a result of injuries received at the hands of
seven convicts, Torrez, Rizo, Shader, Price, Stalensky, Roa
and Duchowski, inmates of the new penitentiary, while the
decedent, who was an employee of the State, was engaged in
the performance of his duties as deputy warden of said peni-
tentiary. The declaration further sets forth that decedent
was deputy warden for the period from February 4, 1924, to
May 5, 1926, the date of his death; that under the directions of
the warden, John L. Whitman, during said time he was in
charge of the new penitentiary and performing many of the
duties of the warden therein; that while engaged in the duty
of interviewing convicts who had complaints to make, he was
assaulted and killed, without any excuse or justification, by
the seven convicts above mentioned, in a most cruel and brutal
manner, while he was in the exercise of due care and caution
for his own safety; that decedent left him surviving Etta
Klein, his widow, and Donald Klein, aged 11 years on June
19, 1926, and Chelsea Klein, aged 7 years on November 20,
1925; that he left no property of any value other than his
household furniture and an automobile; that his widow and
children have no other property, and that his widow has no

means of earning a livelihood except by her manual labor; that decedent at his death was in good health, of the age of 47 years, and had been earning $208.33 per month, and in addition thereto was furnished with living quarters and food for himself and his family.

To the declaration, the Attorney General of the State of Illinois filed a demurrer, which is sustained, as a matter of law.

Although there is no legal liability where a State employee is injured while in the performance of his duty, in a case of this kind, we feel that in equity and good conscience the widow and minor children should receive some compensation on account of the loss of the husband and father, and we accordingly award the maximum amount provided under the Workmen's Compensation Act of the State of Illinois, or the sum of $4,350.00.